Peajrsok, J.
 

 The decrees of this Court are not enrolled, but are recorded, which is allowed to have the same effect, and the decree is considered to be enrolled as of the Term at which it is passed.
 
 American Bible Society
 
 v. Ex’rs of
 
 Hollister,
 
 ante 10. In the petition to rehear,
 
 Moye
 
 v.
 
 May, ibid
 
 84, the decree had not been signed and passed, and it is said, “ if that had been done, the petition would certainly have come too late”: and a doubt is intimated whether, when the decision is, simply, that the bill be dismissed, a decree to that effect will not be considered as having been signed and passed at the Term when the case is decided, although in fact it was nbt signed and passed.
 

 In this'case, the decree was in fact signed and passed at December Term, 1852, and the petition was not filed until December, 1853 : So it certainly came too late, and must consequently be dismissed.
 

 PjíR Cueiam. Decree accordingly.
 

 As the case was not argued for the plaintiff on the hearing, I will notice the objection taken by Ms counsel on the argument of the petition to rehear the part of the decree which is made the subject of complaint, that is, that the plaintiff having failed to perform the condition, and having omitted to file his bill to redeem for the space of two years after the forfeiture, is barred of all claim in Eqrdty, notwithstanding the mortgagor died a few days before the forfeiture, and the plaintiff did not administer ujDon his estate until nine months after-wards.
 

 The position taken is, that the
 
 two years
 
 did not commence to run until the plaintiff was appointed administrator, and the argument to support it is, “ the statute of limitations does not begin to run against an administrator until the time of his ap
 
 *27
 
 pointment, if the cause of action did not accrue in the life time of the intestate; here the forfeiture did not take place in the life time of the mortgagor, therefore the statute did not begin to run until the appointment of an administrator.” This is
 
 a non seguitur.
 

 The statute of limitations in regard to bringing actions, fixes on the time when the cause of action accrues as the time when the statute shall begin to run. If the cause of action accrues
 
 before
 
 the death of the party, the statute begins to run, and there is no proviso to stop it, except in cases of reversal or arrest of judgment; extended by construction to non-srúts, and to cases where an action is pending at the time of the death of the plaintiff, and a new actionis commenced within a year (2
 
 Saunders Rep.
 
 63,
 
 note),
 
 and cases where new promises are made. This gives rise to the general rule, “where the statute begins to run it continues to run.” But where the cause of action accrues
 
 after
 
 the death of the party, the Courts adopted the construction that the statute did not begin to run until there was a personal representative, upon the idea that a cause of action could not accrue until his appointment, because “ a cause of action cannot exist unless there be also a person in existence capable of suing.”
 
 Murray
 
 v.
 
 East Ind. Co.,
 
 7 Eng. C. L. Rep. 66. The Courts were the more inclined to this construc- . tion by reason of the proviso above alluded to, and the proviso in favor of persons who were infants, femes covert, &c., when the cause of action accrued.
 

 It has since, oftentimes, been said that this loose construction has given rise to much litigation which it was the intention of the statute to bar.
 

 The statute of limitations now under consideration, fixes on the time of
 
 forfeitv/re
 
 as the time when the statute shall begin to run: this time is set out in the mortgage deed. The mortgagor has a legal right to have back the estate by performing the condition at any time before or on that day. If he neglects to do it, and happens to die a
 
 few dan/s
 
 before the •time of forfeiture, there is no conceivable ground upon which the forfeiture can be postponed until the appointment of a personal representative: or upon which to justify a construction
 
 *28
 
 by which the statute is not to begin to run from the time of the forfeiture. There is no proviso or saving clause in the statutes to aid the suggestion. In truth, the negligence is greater where he fails, during a long time, to perform the condition and dies a few days before the forfeiture, than if he had died a few days after the mortgage was executed.
 

 The distinction between the two statutes is clear: the time in one is uncertain, and is left to depend on circumstances : in the other, it is certain and absolute. It may be remarked, also, that this statute is addressed directly to Courts of Equity as a bar to the equity of redemption, and does not depend on any analogy drawn from the statute limiting the time for bringing actions at law.